**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUSTIN FOLLETT,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  26-214** |
| | : | |
| **PHILADELPHIA DEPARTMENT** | : | |
| **OF PRISONS-CFCF,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**MURPHY, J.**                                                          **February 18, 2026**

Justin Follett, a prisoner incarcerated at FCI Tucson, filed this civil rights action

concerning an incident that allegedly occurred while he was a pretrial detainee at Curran

Fromhold Correctional Facility in Philadelphia.  The only named defendant is the Philadelphia

Department of Prisons-CFCF ("PDP-CFCF").  Mr. Follett also seeks leave to proceed *in forma*

*pauperis*.  For the following reasons, leave to proceed *in forma pauperis* will be granted, PDP-

CFCF will be dismissed as a defendant and the two Correctional Officers that Mr. Follett

mentions in the complaint will be added as defendants so that the case can proceed.

**I.        FACTUAL ALLEGATIONS**[1]

Mr. Follett alleges that his constitutional rights were violated when he arrived at the jail

on or about October 1, 2025 and officers told inmates about the nature of the charges for which

he was being held, putting his life in danger.  DI 1.  He was given a bottom bunk pass, but forced

to sleep on a top bunk by Correctional Officers Bradfordt and Cashmir.  *Id*. at 4-5.  Correctional

---

[1] The factual allegations are taken from Mr. Follett's complaint and the attached materials
(DI 1), to which the court adopts the sequential pagination assigned by the CM/ECF docketing
system.  The court deems the entire submission to constitute the complaint.  Where the court
quotes from the complaint, punctuation, spelling, and capitalization errors will be cleaned up as
needed.

Officers Bradfordt and Cashmir both refused to provide him with a bottom bunk saying that Mr. Follett "was a sex offender and had to suffer the consequences of [his] criminal actions, and proceeded to tell other inmates in general population" about his charges. *Id*. at 5. He was told he could sleep on the floor but his cellmate threatened his life when he attempted to do so, and he "crawled up to the top bunk." *Id*. Mr. Follett ultimately fell from the top bunk. *Id*. After he fell, the cellmate punched him in the face for waking him up. *Id*. He had to go to the hospital due to a concussion, contusions, and other injuries. *Id*. He further alleges CFCF officers, presumably Correctional Officers Bradfordt and Cashmir, told him that they hoped he "would be attacked by other inmates in general population, putting my life in danger." *Id*. at 4. Mr. Follett seeks money damages for negligence and deliberate indifference to his needs and classification as a sex offender, stating that he should have been placed in protective custody. *Id*. at 5.

Attached to the complaint is an inmate grievance form Mr. Follett submitted to prison officials complaining that Correctional Officers Bradfordt and Cashmir both refused to provide him with a bottom bunk despite his pass. DI 1-1 at 1. He also attached a United States Department of Justice complaint form asserting the same facts (although he spelled Correctional Officer Bradfordt's name differently), stating that he requested to be placed in protective custody. *Id*. at 2-7.

## II.    STANDARD OF REVIEW

The Court grants Mr. Follett leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. Whether a

---

[2] Because Mr. Follett is a prisoner, he will be required to pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Mr. Follett is proceeding *pro se*, the court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Mr. Follett asserts negligence and constitutional claims.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    PDP-CFCF

Mr. Follett only names the PDP-CFCF as a defendant in his complaint.  To the extent Mr. Follett seeks to name the jail, his constitutional claim is not plausible because a jail is not a "person" under § 1983.  *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL

2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).  To the extent he seeks to name the Philadelphia Department of Prisons, the constitutional claim is also not plausible because City agencies have no separate legal existence and are not suable entities under § 1983.  *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (citing 53 Pa. Cons. Stat. § 16257 ("no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia")); *Vangjeli v. City of Philadelphia*, No. 15-1566, 2015 WL 5793926, at *3 (E.D. Pa. Sept. 30, 2015), *aff'd*, 655 F. App'x 132 (3d Cir. 2016) (holding that the Free Library is not an entity subject to suit since no department or agency of the City of Philadelphia has a separate corporate existence) (quoting 53 Pa. C.S.A. § 16257); *Bush v. City of Phila. Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing the Philadelphia Police Department as a matter of law because it is not a legal entity separate from the City of Philadelphia).  Finally, to the extent that Mr. Follett asserts a negligence claim against PCP-CFCF, it is barred by the Pennsylvania Political Subdivision Tort Claims Act (the "PPSTCA"), which provides, with limited exceptions that are inapplicable here, that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Cons. Stat. Ann. §§ 8541, 8542(b) (listing the following eight exceptions: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody, or control of animals).  *See*, *e.g.*, *Momot v. City of Philadelphia*, No. 11-7806, 2012 WL 1758630, at *3 (E.D. Pa. May 16, 2012) (holding that the City of

4

Philadelphia was immune from state-law negligence claim); *Van Der Leer v. City of Philadelphia*, No. 03-4324, 2004 WL 1336315, at *4 (E.D. Pa. June 15, 2004) ("The Act immunizes the City of Philadelphia and its employees from most state law claims. . . . Exceptions to the Act are to be strictly construed."); *Guy v. Bristol Borough*, No. 16-1557, 2018 WL 3141429, at *6 (E.D. Pa. June 27, 2018) (dismissing negligence claim in case for damages arising from municipality's demolition of property); *Wilson v. Norristown Area Sch. Dist.*, 783 A.2d 871, 876 (Pa. Commw. Ct. 2001) (holding that student's negligence claim against school did not fall within an exception to PPSTCA, and therefore was barred).  Accordingly, Mr. Follett's claims against the PDP-CFCF are not plausible and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## B. Correctional Officers Bradfordt and Cashmir

Although not listed as defendants in the caption of the complaint, the court understands Mr. Follett to be asserting his constitutional and state law negligence claims against Correctional Officers Bradfordt and Cashmir.  "Courts have found that it can be an Eighth Amendment[3] violation where an inmate has a serious medical need requiring him to use the bottom bunk, but prison officials are deliberately indifferent to that need." *Saunders v. GEO Grp., Inc.*, No. 19-2322, 2019 WL 5558659, at *4 (E.D. Pa. Oct. 25, 2019) (quoting *Whitehead v. Wetzel*, No. 14-

---

[3] Although he was a federal prisoner when he was transferred to Philadelphia to face charges, it appears that Mr. Follett was a pretrial detainee on those charges at the time of the events in question.  Thus, the Fourteenth Amendment governs his claims even though he cites the Eighth Amendment. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).  However, it is a distinction without a difference since the standard under the Eighth Amendment and Fourteenth Amendment for deliberate indifference claims are essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (*per curiam*); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

51, 2016 WL 356809, at *7 (W.D. Pa. June 2, 2016)); *see also Wall v. Bushman*, 639 F. App'x 92, 95 (3d Cir. 2015) (reversing grant of summary judgment where disputed issue of material fact existed from which a rational factfinder could conclude that prison doctor recklessly disregarded prisoner's need for a lower-bunk assignment or denied the lower-bunk assignment for non-medical reasons); *Guilfoil v. Pierce*, No. 06-493, 2009 WL 688957, at *5 (D. Del. Mar. 16, 2009) ("Refusal of prison officials to assign an inmate with a herniated disc to a bottom bunk may constitute deliberate indifference if the inmate's condition is sufficiently serious.").  Since he asserts that he had a bottom bunk pass and the two Correctional Officers were deliberately indifferent to his need for a bottom bunk due to his status as an alleged sex offender, which resulted in his fall and assault by his cellmate, the court will direct the Clerk to add Correctional Officers Bradfordt and Cashmir as named defendants and direct service of the complaint for a responsive pleading.

An appropriate Order will be entered.